**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-4337**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWARD VENEZ SHIPMAN,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:03-cr-00044-F-1)

—————

Submitted:  October 29, 2010    Decided:  November 12, 2010

—————

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Venez Shipman appeals the twenty-four-month sentence he received upon revocation of his supervised release. He contends that the district court imposed a plainly unreasonable sentence, failing to address mitigating factors and to provide sufficient reason for a sentence above the 7-13-month revocation range set out in Chapter 7 of the U.S. Sentencing Guidelines Manual (2009). We affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

We must first "decide whether the sentence is unreasonable." Id. at 438. In doing so, we "follow generally the procedural and substantive considerations" used in reviewing original sentences. Id.. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the guidelines and the applicable § 3553(a) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the

2

district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we are convinced that the sentence is not unreasonable, we will affirm. Id. at 439.

Under this court's deferential standard of review, Shipman's sentence is not procedurally or substantively unreasonable. Shipman argues that the district court failed to consider his inability to secure a stable residence. He also claims that the court failed to give sufficient reasons for the extent of its variance above the guideline range, and thus failed to follow the mandate in § 3553(a) to impose a sentence "sufficient but not greater than necessary" to fulfill the statute's sentencing purposes. The court also heard the probation officer's testimony about his effort to supervise Shipman for over a year and Shipman's lack of cooperation, as evidenced by his repeated marijuana use, additional criminal conduct, failure to stay in contact with the probation officer, and unwillingness to return to a residential reentry center to remedy his homeless state. Last, the district court heard Shipman's statement in which he asserted that the probation officer had failed to help him despite his requests for help.

The district court expressly considered the advisory Chapter 7 guideline range of 7-13 months. However, the court determined that the guideline range did not adequately account

for Shipman's "pattern of refusing to follow the rules," thus impliedly accepting the probation officer's version of events during his period of supervised release. A revocation sentence "should sanction primarily the defendant's breach of trust." USSG ch. 7, pt. A, intro. cmt. 3(b). We conclude that Shipman's twenty-four-month sentence was not unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4